Todd Feltus (#019076)
KERCSMAR & FELTUS PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
Telephone: (480) 421-1001
Facsimile:   (480) 421-1002
tfeltus@kflawaz.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Default Mitigation Management, LLC and Igor Roitburg, | Case No: _____ |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| Hope Loanport, Inc., | |
| Defendant. | |

For their Complaint, plaintiffs Default Mitigation Management LLC and Igor Roitburg allege as follows:

### THE PARTIES

1.  Plaintiff, Default Mitigation Management, LLC, is a limited liability company organized under the laws of Kentucky, with its principal offices at 631 Washington Avenue, Newport, Kentucky, 41071 ("Plaintiff DMM").

2.  Plaintiff, Igor Roitburg, is an individual residing at 306 Harlingen Road, Belle Mead, New Jersey, 08502 ("Plaintiff Roitburg").

3.  Defendant, Hope Loanport, Inc., is a corporation organized under the laws of the District of Columbia, with its principal offices at 1001 Pennsylvania Avenue, N.W., Suite 500, Washington, D.C. 20004 ("Defendant").

1

**NATURE OF THE ACTION**

4.   This action is brought under the federal Lanham Act, 15 U.S.C. § 1051, et. seq.

5.   This action is further brought under the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

6.   This action is further brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7.   Through this action, Plaintiffs seek the cancellation of U.S. Registration No. 3,917,935 (the "Registration") for the alleged trademark HOPE LOANPORT (the "Trademark").

8.   Also through this action, Plaintiffs seek a declaration that, among other things, Plaintiff Roitburg's registration and use, and Plaintiff DMM's use of the domain names <hopeloanport.com>, <hopeloanport.org>, and <hopeloanport.net> (the "Domains") does not violate any enforceable rights of Defendant.  Plaintiffs Roitburg and DMM seek to bar the transfer of the Domains to Defendant.

**JURISDICTION AND VENUE**

9.    Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

10.  Jurisdiction is further proper by virtue of Defendant's express submission to the jurisdiction of this Court by filing a complaint under the Uniform Domain Name Dispute Resolution Policy (the "UDRP"), as detailed below.

11.  Venue is proper under 28 U.S.C. § 1391(b)(2).

12.  In addition, Defendant agreed that venue is proper in this Court when it filed its UDRP complaint.

**FACTS**

13. Part of the "Emergency Economic Stability Act of 2008," signed into law in response to the mortgage crisis, included the HOPE for Homeowners Act (the "HOPE Act), a federal loan modification program.

2

14.   After the inception of the HOPE Act, Plaintiff DMM, Defendant, and other entities began providing loan modification services for loans that qualified for modification under the HOPE Act and subsequent, related legislation.

15.   Plaintiff DMM has been engaged in the business of offering a loan modification portal, including loan modifications pursuant to the various government-sponsored HOPE initiatives, since 2008.

16.   Plaintiff DMM provides loan portals through which homeowners who qualify for modifications under the HOPE Act and subsequent, related legislation, including HAMP and the "Making Home Affordable Program" (the "MHA"), can modify their mortgage loans.

17.   Because of the nature of Plaintiff DMM's business, Plaintiff Roitburg registered several domain names, all of which describe the services Plaintiff DMM provides, with GoDaddy.com, LLC (the "Registrar"), including the Domains, and <hampportal.com>, <hampportal.org>, <mhaportal.org>, and <mhaportal.com>.

18.   The Registrar is located in this judicial district.

19.   Defendant operates a website (located at http://www.hopeloanportal.org) that allows borrowers to complete an online intake form to request assistance, and allowing housing counselors to transmit completed applications for loan modifications to mortgage companies.

20.  Defendant's use of the term "hope loanport" merely describes the business activity in which it and other loan modification companies, including Plaintiff DMM, are engaged.

21.   Defendant's use of the term "hope loanport" is not unique or distinctive, but is rather consistent with uses by other entities in the loan modification business and the common understanding of the terms in the context of the HOPE Act and related state initiatives.

22.  Financial Services Roundtable ("FSR") filed a trademark application on November, 12, 2009 for the term "HOPE LOANPORT," Application Serial No. 77-

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

3

871,067, based on a bona fide intent to use the mark under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b)

23.   The Trademark is generic and/or descriptive of Defendant's loan modification services, a web site portal through which applications for loans that qualify for modification under the HOPE Act and related legislation are processed.

24.   On February 8, 2011, Defendant was granted the Registration for the Trademark in class 36 for: "loan modification services and providing a web site that allows mortgage counselors and homeowners at risk of foreclosure to apply for loan modification with their lenders" (the "Registration").

25.   The Registration had a constructive first use date of November 12, 2009, the filing date of the intent-to, and claims first use in commerce as of November 15, 2009

26.   Plaintiff DMM was in the loan modification business before Defendant.

27.   In 2008, HUD asked Plaintiffs to approach Hope Now, the entity out of which Defendant evolved, to discuss the idea of having Hope Now use Plaintiff DMM's loan portal to process loan modifications.

28.   Hope Now decided to start its own loan portal - Defendant, Hope LoanPort, Inc.

29.   Plaintiffs first learned that Defendant was attempting to enforce trademark rights against Plaintiff Roitburg on October 2, 2012, when Plaintiff Roitburg received notice that Defendant filed a UDRP complaint against him with the World Intellectual Property Organization at Case No. D2012-1932, to force the transfer of ownership of the Domains from Plaintiff to Defendant.

30.   When Plaintiff Roitburg discovered the claims of Defendant in the UDRP proceeding, Plaintiff Roitburg filed a response to Defendant's complaint and simultaneously, Plaintiff DMM filed a Petition to Cancel Defendant's Trademark with the United States Patent and Trademark Office, seeking to cancel the Registration on the basis of the Trademark being descriptive and generic.

31.   The cancellation proceeding is pending in the United States Patent and Trademark Office.

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

32.   On or about December 6, 2012, the UDRP panel issued its ruling in favor of Defendant.

33.   On December 11, 2012, in accordance with the UDRP policy and rules, the Registrar notified Plaintiff Roitburg that he had until December 26, 2012 to initiate a federal action in order to prevent the transfer of the Domains.

34.   Plaintiffs' registration and use of the Domains do not violate federal trademark law, and are wholly permissible under both federal and various states' trademark laws.

35.   The UDRP panel's decision was incorrect and contrary to law.

36.   Defendant's use of the Trademark to demand that Plaintiff Roitburg transfer the Domains to Defendant is improper.

37.   Defendant's actions to enforce any trademark rights in and to the Trademark prevent Plaintiffs and others in the loan modification business from conducting their legitimate businesses.

38.   Defendant's continued registration and enforcement of the Registration will cause irreparable harm to Plaintiffs and will unjustly inhibit and interfere with Plaintiffs' abilities to conduct their business.

## COUNT I

### (Lanham Act - Lack of Bona Fide Intent to Use)

### 15 U.S.C. § 1051(b)

39.   Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint.

40.   On November 12, 2009, Financial Services Roundtable ("FSR") filed an intent-to-use application under 15 U.S.C. § 1051(b) with the U.S. Patent and Trademark Office to register the Trademark on the Principal Register in Class 36.

41.   FSR's identified intended uses include "[l]oan modification services and providing a Web site that allows mortgage counselors and homeowners at risk of foreclosure to apply for loan modification with their lenders."

42. Upon information and belief, FSR is an industry trade organization comprised of the leadership of large financial institutions, whose primary purpose is to inform and educate its members on current events, with a focus on financial and economic issues.

43. Upon information and belief, FSR's business does not involve providing loan modification services through a web-based loan portal, nor did it at the time the application was filed.

44. Upon information and belief, FSR lacked a bona fide intention to use the Trademark in commerce when it filed its intent-to-use application or otherwise.

45. On August 23, 2010, FSR assigned the application for the Registration to Defendant.

46. Upon information and belief, FSR never used the Trademark before assigning it to Defendant.

47. Based on FSR's lack of bona fide intent to use the Trademark in commerce when it filed its intent-to-use application, the Registration is invalid and should be cancelled.

## COUNT II

### (Lanham Act - Invalid Assignment)

### 15 U.S.C. § 1060(a)(1)

48. Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint.

49. When FSR assigned its intent-to-use application to Defendant, no amendment under 15 U.S.C. § 1051(c) had been filed, nor had any verified statement of use under 15 U.S.C. § 1051(d) been filed.

50. When FSR assigned its intent-to-use application to Defendant, FSR did not have an ongoing and existing business under the Trademark that could be assigned to a successor.

51. Upon information and belief, Defendant was not a successor to FSR or a portion of FSR's ongoing and existing business to which the Trademark pertained.

52. Upon information and belief, the assignment between FSR and Defendant did not include the good will of FSR's business in which the Trademark was used, or with any part

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

of the good will of FSR's business connected with the use of and symbolized by the Trademark.

53. The failure of the assignment from FSR to Defendant to comply with 15 U.S.C. § 1060(a)(1) invalidates the Registration and the Registration should be cancelled.

## COUNT III

### (Merely Descriptive Trademark)

### 15 U.S.C. § 1052(e)

54. Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint.

55. The terms "hope," "loan," and "port" clearly and directly refer to a web portal used to apply for loan modifications related to the HOPE Act or subsequent legislation and related homeowner initiatives.

56. The terms "hope," "loan," and "port" are therefore merely descriptive of the services recited in the Registration, or descriptive of a significant feature, quality, attribute or characteristic of the services because these terms refer to the subject matter of Defendant's services.

57. The terms "hope," "loan," and "port" are necessary to accurately describe the subject matter of Plaintiff DMM's and other third parties' loan modification services.

58. Plaintiff DMM and other third parties have the right to use the terms "hope," "loan," and "port" are in connection with describing the subject matter of their loan modification services.

59. The fact that Defendant has compressed the terms "loan" and "port" into a single word does not alter the descriptive significance of the individual terms and does not make the terms "hope loanport" inherently distinctive.

60. The term "hope loanport" has not acquired distinctiveness with respect to the services recited in the Registration, nor is it capable of becoming distinctive of any of the services of any one entity related to offering a portal to modify loans under the HOPE Act or any subsequent and related legislation.

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

61.  If Defendant is allowed to continue to maintain the Registration, Defendant would be able to continue to improperly obstruct Plaintiff DMM's as well as other third parties' descriptive use of the term.

### COUNT IV

### (Generic Trademark)

### 15 U.S.C. § 1064(3)

62.  Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint.

63.  Defendant is not entitled to exclusive use of the term "hope loanport" in commerce for the services specified in the Registration.

64.  The general public would not understand or believe that loan modification services offered in connection with the term "hope loanport" refer to Defendant.

65.  The term "hope loanport" is generic for a web-based portal through which individuals can apply for loan modifications in connection with the HOPE Act or subsequent legislation, and therefore is generic with regard to such services.

66.  The term "hope loanport" is necessary to accurately describe the subject matter of Plaintiff DMM's and other third parties' loan modification services.

67.  Plaintiff DMM and other third parties' have the right to use the term "hope loanport" in connection with their businesses and the loan modification services they provide.

68.  If Defendant is allowed to continue to maintain the Registration, Defendant would be able to continue to improperly obstruct Plaintiff DMM's, as well as other third parties', descriptive use of the terms.

69.  Because the term "hope loanport" is incapable of serving as an indicator of source, the Registration should be cancelled.

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

8

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

## COUNT V

### (Declaration Under Anticybersquatting Consumer Protection Act)

### 15 U.S.C. § 1125(d)

70.   Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint.

71.   In registering the Domains, Plaintiff Roitburg did not have a bad faith intent, as provided in 15 U.S.C. § 1125(d)(1)(A)(i), to profit from Defendant's trademark of the words "hope loanport."

72.   The Domains are not identical, confusingly similar to, or dilutive of a mark that was distinctive or famous at the time of registration as provided in 15 U.S.C. § 1125(d)(1)(A)(ii).

73.   The Domains are not, and do not contain, trademarks, words, or names protected by reason of section 706 of title 18 or section 220506 of title 36, as provided in 15 U.S.C. § 1125(d)(1)(A)(ii).

74.   Plaintiffs believed and had reasonable grounds to believe that their registration and use of the Domains was a fair use or otherwise lawful use, as provided in 15 U.S.C. § 1125(d)(1)(B)(ii).

## COUNT VI

### (Declaratory Judgment)

### 28 U.S.C. §§ 2201 and 2202

75.   Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint.

76.   Based on the foregoing allegations, a dispute exists between Plaintiffs and Defendant concerning Plaintiffs' right to register and use the Domains.

77.   As a consequence of this dispute, an actual and justiciable controversy exists between Plaintiffs and Defendants.

78.   Plaintiffs are entitled to declaratory relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs.  Specifically:

A.   An order to the U.S. Patent and Trademark Office cancelling U.S. Trademark Registration No. 3,917,935 for the mark HOPE LOANPORT;

B.   Declaring that the UDRP decision is contrary to law;

C.   Declaring that Plaintiff Roitburg is the lawful owner of the Domains;

D.   Declaring that Plaintiff Roitburg's registration and use of the Domains are lawful;

E.   Declaring that Plaintiff Roitburg is not required to transfer the registration for the Domains to Defendant;

F.   Ordering the Registrar to permanently refrain from transferring the Domains to Defendant; and

G.   Providing all other equitable relief that this Court deems just and proper.

**REQUEST FOR JURY TRIAL**

Plaintiff requests a jury trial on all issues triable by a jury.

DATED this 21th day of December, 2012.

KERCSMAR & FELTUS PLLC

By *s/ Todd Feltus*
Todd Feltus
6263 North Scottsdale Road, Suite320
Scottsdale, Arizona 85250
*Attorneys for Default Mitigation Management LLC and Igor Roitburg*

OF COUNSEL:
Robert J. Glance
Glance Law Group PC
7200 Van Camp Road
Girard, PA 16417

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

10

## CERTIFICATE OF SERVICE

1

2          I hereby certify that on December 21, 2012, I electronically transmitted the

3   foregoing to the Clerk's Office using the CM/ECF System for filing.

4

5

6   By *s/ Todd Feltus*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001